# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

DWIGHT D. YORK, also known as
MALACHI Z. YORK,
BOP Reg. No. 17911-054,
                Plaintiff,

v.                                Civil Action No. 1:26-cv-02873

WARDEN, UNITED STATES PENITENTIARY,
ADMINISTRATIVE MAXIMUM (ADX) FLORENCE,
in his official capacity only;
ASSOCIATE WARDEN, in his individual capacity;
KERRI LEWIS-HICKS, in her individual capacity;
OFFICER ["RED BEARD," full name unknown], in his individual capacity;
SIS TECHNICIAN ["MR. QUONAZ," full name unknown], in his individual capacity;
OFFICER SANDUSKY, in his individual capacity;
COUNSELOR WILLIAMS, in his individual capacity;
COUNSELOR HOLBROOKS, in his individual capacity; and
JOHN/JANE DOES 1–10, unknown BOP officers and employees, in their individual capacities,
                Defendants.

---

## COMPLAINT FOR INJUNCTIVE AND EQUITABLE RELIEF

(Eighth Amendment — Bivens v. Six Unknown Named Agents; Religious Freedom Restoration Act)

## NATURE OF THE ACTION

1. This is a civil rights action brought by Plaintiff Dwight D. York, also known as Malachi Z. York, a federal prisoner in the custody of the Bureau of Prisons ("BOP"). Plaintiff seeks injunctive and equitable relief only and does not seek monetary damages. Plaintiff asks the Court to remedy the Defendants' deliberate indifference to his serious medical needs in violation of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the denial of his religious diet in violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq., see Tanzin v. Tanvir, 592 U.S. 43 (2021); to order his return to general population with all privileges restored; and to enter prospective injunctive relief against the Warden, in his official capacity, to halt ongoing unconstitutional conditions, retaliation, and interference with his access to counsel and the courts.

2. Plaintiff does not seek monetary damages of any kind. Plaintiff asserts all of his constitutional and statutory theories, including First Amendment retaliation and denial of access to the courts, solely as grounds for injunctive and equitable relief against the Warden in his official capacity, and as evidence of the Defendants' retaliatory motive.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), because Plaintiff's claims arise under the Eighth Amendment to the United States Constitution and federal statutes.

4. Sovereign immunity does not bar the relief sought. Plaintiff seeks only prospective, non-monetary relief. Plaintiff's claim for equitable relief against the Warden in his official capacity is authorized by 5 U.S.C. § 702 and by the Court's equitable power to enjoin ongoing violations of federal law.

5. Venue is proper in this district under 28 U.S.C. § 1391(e)(1) because Plaintiff is confined at ADX Florence, located in Fremont County, Colorado, and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

6. Plaintiff Dwight D. York, also known as Malachi Z. York, BOP Register No. 17911-054, is a federal prisoner confined at ADX Florence at all times relevant to this Complaint.

7. Defendant Warden of ADX Florence is sued in his official capacity only, for prospective injunctive relief, as the official responsible for the policies, conditions, and operations of the facility.

8. Defendant Associate Warden [NAME] is a supervisory official at ADX Florence, sued in his individual capacity. Upon information and belief, he personally directed, authorized, or knowingly acquiesced in the conduct described below.

9. Defendant Kerri Lewis-Hicks is a BOP employee, sued in her individual capacity, who was directly involved with Plaintiff's documents and property and participated in the meetings that preceded the retaliatory actions against him. (Plaintiff is informed that this Defendant may also be identified in some records as "Kathy Hicks"; she is the same person.)

10. Defendant "Red Beard" is a BOP officer, true name presently unknown, sued in his individual capacity, who executed the sudden and forcible transfer of Plaintiff and physically handled him during the move.

11. Defendant "Mr. Quonaz" is a BOP Special Investigative Services ("SIS") technician, true name presently unknown, sued in his individual capacity, who participated in the interrogation of Plaintiff and the seizure of his legal materials.

12. Defendant Officer Sandusky is a BOP supervisor, sued in his individual capacity, who upon information and belief influenced the disciplinary and housing actions taken against Plaintiff.

13. Defendants Counselor Williams and Counselor Holbrooks are BOP employees, sued in their individual capacities, who were aware of or participated in the events in question.

14. Defendants John/Jane Does 1–10 are unknown BOP officers and employees, sued in their individual capacities, who entered Plaintiff's cell and packed, removed, or destroyed his property. Plaintiff will amend to name them once their identities are ascertained through discovery.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff has exhausted such administrative remedies as were available to him under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

16. To the extent any step of the BOP Administrative Remedy Program was not completed, that remedy was rendered unavailable within the meaning of Ross v. Blake, 578 U.S. 632 (2016). The Defendants confiscated Plaintiff's writing supplies, paper, and envelopes; placed him in restrictive housing without access to administrative-remedy forms; and, upon information and belief, obstructed his ability to file. A remedy that prison officials thwart through machination, misrepresentation, or intimidation is not "available."

17. Plaintiff has suffered physical injury, including injury from being physically pushed, pulled, and dragged during his transfer, and the exacerbation of his Hereditary Angioedema, a physical medical condition. Plaintiff seeks only injunctive and equitable relief and does not seek monetary damages.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Serious Medical Condition (Hereditary Angioedema)

18. Plaintiff has been diagnosed with Hereditary Angioedema ("HAE"), a rare and potentially life-threatening genetic disorder that causes recurrent episodes of severe swelling, including swelling of the airway that can cause asphyxiation. HAE is a serious medical need requiring specialized monitoring, access to specific on-demand medications, and an emergency response protocol.

19. BOP officials have long been on notice of Plaintiff's HAE diagnosis. Despite this notice, and as described below, Plaintiff has been denied specialist consultation, adequate treatment, and any emergency protocol, and his placement in isolated restrictive housing has heightened the risk that an acute HAE attack will go undetected and untreated. Stress and the conditions of his confinement have exacerbated his condition.

20. Following his placement in restrictive housing, Plaintiff received no appropriate medical evaluation or welfare check. The failure to monitor an inmate with a known life-threatening airway condition, while isolating him from any person able to summon help, reflects deliberate indifference to a substantial risk of serious harm.

### B. Retaliatory Disciplinary Proceeding and Sanctions

21. On or about [date], shortly before June 2, 2026, Plaintiff mailed or attempted to mail legal materials challenging an incident report to the Tucker Office.

22. Thereafter, Plaintiff was summoned to a meeting involving a new SIS technician ("Mr. Quonaz") and Defendant Kerri Lewis-Hicks, where he was questioned about symbols. Plaintiff alleges this meeting was a pretext for intimidation intended to pressure him into abandoning his legal efforts.

23. Plaintiff was subjected to a disciplinary proceeding in which he was denied meaningful assistance from a staff representative. He was sanctioned with approximately 90 days' loss of telephone and visitation privileges — a sanction he alleges was grossly disproportionate to a recommendation of approximately ten days and was imposed immediately after his protected legal activity, evidencing retaliatory motive.

## C. Abrupt and Forcible Removal from Housing

24. On or about June 2, 2026, Defendant "Red Beard" informed Plaintiff he was being moved immediately. Plaintiff was not given adequate time to prepare, pack, or gather his belongings.

25. Plaintiff was then physically pushed, pulled, and/or dragged from his regular housing unit to a restrictive unit (Cell Block B407). The use of unnecessary physical force against a compliant inmate with a known airway condition caused him physical injury and pain.

## D. Confiscation and Destruction of Property

26. While Plaintiff was being moved, BOP staff entered his former cell and packed, removed, confiscated, and/or discarded his property without a complete and reliable inventory. The property removed included, but was not limited to:

    a. Clothing and laundry;

    b. Food and commissary items;

    c. Writing supplies, paper, pens, and envelopes essential for communication and legal work;

    d. Three (3) envelopes containing legal materials and case-related papers;

    e. Identification materials, a birth certificate, and an expired passport; and

    f. Personal property, including family photographs.

27. The confiscation of Plaintiff's legal materials interfered with his ability to prepare for and participate in pending legal proceedings. Plaintiff asserts this loss as part of his claim for interference with access to the courts (for which he seeks injunctive relief and which evidences retaliation), and not as an independent due-process damages claim, recognizing the limits of Hudson v. Palmer, 468 U.S. 517 (1984).

## E. Interference with Legal Communications

28. Defendants seized and retained Plaintiff's legal materials through SIS, impermissibly exposing privileged attorney communications to reading and copying. Defendants also denied Plaintiff access to confidential, unmonitored attorney telephone calls and failed promptly to notify counsel of his changed location and conditions. These acts burdened Plaintiff's access to counsel and the courts.

## F. Denial of Religious Diet

29. Plaintiff is Jewish and requires a kosher diet. Defendants served him food inconsistent with his religious requirements and, after he declined the non-conforming meal, delayed a replacement for approximately two hours and delivered it cold. This substantially burdened Plaintiff's religious exercise without any compelling governmental justification or least-restrictive means, in violation of the Religious Freedom Restoration Act.

## G. Retaliatory Motive

30. The actions described above followed immediately upon Plaintiff's protected legal activity, including his legal mailing, his compassionate-release efforts, and his communications with counsel. The timing and sequence establish that the adverse actions were taken in retaliation for that protected activity.

## CLAIMS FOR RELIEF

### COUNT I — Eighth Amendment, Deliberate Indifference to Serious Medical Needs

*(Eighth Amendment violation under Bivens v. Six Unknown Named Agents and Carlson v. Green — pleaded solely as the factual and legal basis for the equitable relief sought in Count IV; no damages are sought on this Count)*

31. Plaintiff incorporates the preceding paragraphs by reference.

32. Plaintiff's Hereditary Angioedema is an objectively serious medical need. The individual Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety by failing to provide an adequate medical evaluation, specialist care, an emergency protocol, or any welfare check after isolating him. This deliberate indifference violated the Eighth Amendment and is actionable under Bivens and Carlson v. Green.

33. As a direct and proximate result, Plaintiff suffered physical injury and pain and faces a continuing and substantial risk of serious harm. This violation is pleaded as the factual and legal basis for the equitable relief sought in Count IV, including Plaintiff's return to general population with all privileges restored. Plaintiff seeks no damages on this Count.

### COUNT II — Eighth Amendment, Cruel and Unusual Punishment (Excessive Force and Conditions)

*(Eighth Amendment violation under Bivens v. Six Unknown Named Agents — pleaded solely as the factual and legal basis for the equitable relief sought in Count IV; no damages are sought on this Count)*

34. Plaintiff incorporates the preceding paragraphs by reference.

35. The use of unnecessary physical force in pushing, pulling, and dragging a compliant inmate, combined with the deprivation of basic needs in restrictive confinement, was malicious and sadistic and not applied in a good-faith effort to maintain or restore discipline, in violation of the Eighth Amendment.

36. As a direct and proximate result, Plaintiff suffered physical injury and pain. This violation is pleaded as the factual and legal basis for the equitable relief sought in Count IV. Plaintiff seeks no damages on this Count.

### COUNT III — Religious Freedom Restoration Act

*(42 U.S.C. § 2000bb–1 — against the Warden for injunctive relief)*

37. Plaintiff incorporates the preceding paragraphs by reference.

38. Defendants substantially burdened Plaintiff's religious exercise by denying him a kosher diet. That burden was not the least restrictive means of furthering any compelling governmental interest. Plaintiff is entitled to injunctive relief requiring provision of a compliant religious diet.

### COUNT IV — Injunctive Relief for Ongoing Violations (Official Capacity)

*(Against the Warden in his official capacity — equitable relief only)*

39. Plaintiff incorporates the preceding paragraphs by reference.

40. Plaintiff faces ongoing and threatened violations of his federal rights, including deliberate indifference to his medical needs, retaliation for protected activity, interference with access to counsel and the courts, and denial of his religious diet. Plaintiff has no adequate remedy at law for these continuing harms and is entitled to prospective injunctive relief against the Warden in his official capacity to halt them. This claim seeks no damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

g. Declare that Defendants' conduct violated Plaintiff's rights under the Eighth Amendment and the Religious Freedom Restoration Act;

h. Order Plaintiff's return to the general population with all privileges — including telephone, visitation, and commissary — fully restored;

i. Enter prospective injunctive relief against the Warden in his official capacity ordering (a) an immediate medical evaluation and an adequate HAE treatment and emergency protocol; (b) restoration of confidential access to counsel and the courts; (c) the return of, or a written inventory and explanation for, all legal, personal, and identification property; (d) provision of a kosher diet; and (e) cessation of retaliation, with such relief narrowly drawn, extending no further than necessary, and the least intrusive means as required by 18 U.S.C. § 3626(a);

j. Award costs of suit and such attorney's fees and expenses as are authorized by law, including under the Religious Freedom Restoration Act and the Equal Access to Justice Act; and

k. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Greg Smith

Greg Smith

Counsel for Plaintiff Dwight D. York a/k/a Malachi Z. York

Bar No. 012832008

158 Livingston Avenue

New Brunswick, New Jersey 08901

O: (609) 900-2290
E: greg@gsmithesq.com
Attorney for Plaintiff Dwight York

Dated: June 26, 2026